TB UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JUSTIN GREEN,

                         Plaintiff,

        - against -

AKONIK LABEL GROUP LLC,

                         Defendant.

**ORDER**

19 Civ. 7492 (PGG) (OTW)

---------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        This is a copyright infringement action.  Plaintiff Justin Green is the photographer and copyright owner of a photograph of a certain South African flower (the "Photograph").  Green alleges that Defendant Akonik Label Group LLC posted the Photograph to Defendant's Twitter and Instagram accounts without Plaintiff's authorization.  (Cmplt. (Dkt. No. 1) ¶¶ 1, 7-13)

        On February 24, 2020, this Court entered a default judgment against Defendant (see Order of Default (Dkt. No. 24)), and referred this case to the assigned magistrate judge for an inquest on damages (see id. at 2; Order of Reference (Dkt. No. 23)).  Magistrate Judge Ona T. Wang has issued a Report and Recommendation ("R&R") regarding the appropriate amount of damages.  (R&R (Dkt. No. 30))  Plaintiff has filed objections.  (Pltf. Obj. (Dkt. No. 32))

        This Court will adopt Judge Wang's R&R in part, as set forth below.

## BACKGROUND

### I. PROCEDURAL HISTORY

        The Clerk of Court issued a certificate of default against Defendant on December 2, 2019.  (Cert. of Default (Dkt. No. 10))  This Court ordered Defendant to show cause on

February 19, 2020, why a default judgment should not be entered against it. (Order (Dkt. No. 18) at 1) Defendant did not file an opposition to Plaintiff's motion for a default judgment, and did not appear on that date. (See Order of Default (Dkt. No. 24) at 1) Accordingly, this Court entered a default judgment against Defendant, and referred this case to Judge Wang for an inquest on damages. (Id. at 2; Order of Reference (Dkt. No. 23))

On February 27, 2020, Judge Wang directed Plaintiff to file proposed findings of fact and conclusions of law and an inquest memorandum "setting forth proof of damages":

> The proposed findings of fact and conclusions of law should show how the proposed damages figures are tied to the legal claims asserted . . . . Plaintiff's proposed damages figures should be supported by documentary evidence and/or one or more affidavits, made by someone with personal knowledge, establishing the proposed figures. Any request for attorney's fees and costs should also be supported by documentation.

(Mag. Order (Dkt. No. 25) at 1)

In a March 3, 2020 submission, Plaintiff requests $30,000 in statutory damages, $1,912.50 in attorneys' fees, $440 in costs, and post-judgment interest. (See Pltf. Subm. (Dkt. No. 26) at 13-20; March 3, 2020 Liebowitz Decl. (Dkt. No. 27); see also Jan. 8, 2020 Liebowitz Decl. (Dkt. No. 15)) Plaintiff declines to offer evidence of actual damages, and instead elects to recover only statutory damages. (Pltf. Subm. (Dkt. No. 26) at 17) According to Plaintiff, pursuant to Section 504 of the Copyright Act, the Court is authorized to award between $750 and $30,000 in statutory damages, or up to $150,000 if the infringement was committed willfully. (Id. at 10-11 (citing 17 U.S.C. § 504(c)(1)-(2))) Although Plaintiff contends that Defendant's willful infringement can be inferred from its default, Plaintiff seeks only the maximum statutory damages award available for non-willful infringement. (Id. at 12-14)

On October 26, 2020, Judge Wang issued an R&R recommending that this Court award Plaintiff (1) $800 in statutory damages; (2) $1,912.50 in attorneys' fees; and (3) $440 in costs.  (R&R (Dkt. No. 30) at 1, 8)

On November 9, 2020, Plaintiff filed objections to the R&R, arguing that he should be awarded "no[] less than $25,000" in statutory damages.  (Pltf. Obj. (Dkt. No. 32) at 7)

## DISCUSSION

### I.  REVIEW OF A REPORT AND RECOMMENDATION

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09 Civ. 6241 (RMB) (FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)).  A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not

3

suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in Phillips) (quoting Vega v. Artuz, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)).  "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citations omitted).

In accordance with these legal standards, this Court has reviewed de novo those portions of the R&R to which Plaintiff has objected.

## II. DAMAGES FOR COPYRIGHT INFRINGEMENT

Under the Copyright Act, a plaintiff may elect to recover an award of statutory damages for each infringed work – in lieu of an award of actual damages – "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Where a court finds "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "Copyright infringement is deemed willful by virtue of a defendant's default." Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citing All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 621-22 (S.D.N.Y. 2011); Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983)); see Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 117 (E.D.N.Y. 2010) ("By virtue of their default, defendants have admitted plaintiffs' allegation that they acted knowingly and intentionally or with reckless disregard or willful blindness to plaintiffs' rights.").

In awarding statutory damages, courts have "wide discretion" to set the amount of

4

the award within the statutory limits. Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1116 (2d Cir. 1986). In determining statutory damages for copyright infringement, courts consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010) (citing N.A.S. Import, Corp. v. Chenson Enter., Inc., 968 F.2d 250, 252-53 (2d Cir. 1992)).

In her R&R, Judge Wang considers these factors and concludes that an $800 award in statutory damages is appropriate, because the minimal evidence offered by Plaintiff "leads to the conclusion that the infringing conduct was de minimis." (R&R (Dkt. No. 30) at 6) With regard to the first and sixth factors, Judge Wang acknowledges that the Court can infer Defendant's willfulness from Defendant's default, but concludes that the resulting inference is "weak," because Plaintiff has not submitted any evidence of Defendant's actual awareness of its infringing activity. (Id. at 4-6 (noting that Plaintiff has not alleged that cease-and-desist letters were sent to Defendant)) As to the second and third factors, Judge Wang notes that Plaintiff intentionally declined to offer evidence of Plaintiff's losses or Defendant's gains, and that courts have "'reject[ed] the notion that [evidence of actual losses or licensing fees] need not [be] consider[ed] in assessing appropriate statutory damages.'" (Id. at 5 (quoting Dermansky v. Telegraph Media, LLC, No. 19 Civ. 1149 (PKC)(PK), 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (alterations added))) Finally, Judge Wang finds that the fourth and fifth factors only weakly favor Plaintiff, since Plaintiff has supplied no specific evidence of deterrence, and "the

5

infringer's [lack of] cooperation" only weighs in Plaintiff's favor "by virtue of Defendant's default." (See id.) Noting that Plaintiff's counsel had notice that courts have declined to award full statutory damages where only minimal evidence concerning the Bryant factors is offered (see id. at 5-6 (citing, inter alia, Seelie v. Original Media Grp. LLC, No. 19 Civ. 5643 (BMC), 2020 WL 136659, at *1 (E.D.N.Y. Jan. 13, 2020))), Judge Wang concludes that $800 in statutory damages is appropriate. (Id.)

Plaintiff objects to Judge Wang's damages recommendation, arguing that (1) the "majority view in this Circuit" is that $30,000 – or "not less than $25,000" – is the appropriate statutory damages award to ensure that such damages have their intended deterrent effect, and (2) that it was improper for Judge Wang to "penalize" Plaintiff for electing not to provide proof of actual damages. (See Pltf. Obj. (Dkt. No. 32) at 2-7)

As an initial matter, Plaintiff is incorrect in arguing that the "majority" view in this Circuit is that an award of $25,000 to $30,000 in statutory damages is invariably appropriate for the infringement of a single copyrighted photograph. Indeed, as Judge Wang notes (R&R (Dkt. No. 30) at 6), numerous courts have found that an award of the maximum statutory damages is not appropriate where there is no evidence of actual harm to the plaintiff. See, e.g., Idir v. La Calle TV, LLC, No. 19-CV-6251 (JGK), 2020 WL 4016425, at *3 (S.D.N.Y. July 15, 2020) (awarding $2,500 in statutory damages for infringement of one copyrighted photograph); Dermansky, 2020 WL 1233943, at *6 (awarding $1,000 in statutory damages under the Copyright Act, and $5,000 in statutory damages under the Digital Millennium Copyright Act, for infringement of one copyrighted photograph); Mantel v. Smash.com Inc., No. 19-CV-6113-FPG, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (awarding $2,500 in statutory damages under the Copyright Act, and $5,000 in statutory damages under the Digital Millennium

Copyright Act, for infringement of one copyrighted photograph); Lowery v. Fire Talk LLC, No. 19 Civ. 3737 (LDH)(RER), 2020 WL 5441785, at *5 (E.D.N.Y. June 29, 2020), report and recommendation adopted, 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020) (awarding $750 in statutory damages for infringement of one copyrighted photograph); Farrington v. Jewish Voice Inc., No. 21-CV-1575 (NGG)(AYS), 2022 WL 541645, at *5-6 (E.D.N.Y. Feb. 23, 2022) (adopting R&R awarding $1,500 in statutory damages under the Copyright Act, and $5,000 in statutory damages under the Digital Millennium Copyright Act, for infringement of one copyrighted photograph); Ward v. Compound Ent. LLC, No. 18 Civ. 7268 (PGG) (BCM), 2020 WL 4496763, at *4 (S.D.N.Y. Aug. 3, 2020) (adopting R&R awarding $2,500 in statutory damages for infringement of one copyrighted photograph); see also Tabak v. Lifedaily, LLC, No. 21 CV 04291 (LLS), 2021 WL 5235203, at *5 (S.D.N.Y. Nov. 9, 2021) (noting that "[c]ourts in this Circuit have typically awarded statutory damages between $1,000 and $5,000 in cases of single use copyright infringement").[1]

    Although Plaintiff cites cases in which courts have awarded $25,000 to $30,000 in statutory damages for the infringement of a single photograph, in most of these cases there is no analysis supporting the damages award. (See Pltf. Obj. (Dkt. No. 32) at 4-5 n.1 (citing cases)) Accordingly, these cases are not persuasive here.[2]

---

[1] A court in the Eastern District of New York warned Plaintiff's counsel that he could be subject to sanctions under Fed. R. Civ. P. 11 for "cherry-picking the few cases that support his maximum statutory damages request while ignoring the more numerous cases litigated by the same attorney awarding far less." Dermansky, 2020 WL 1233943, at *8 (quotation marks omitted); see also id. at *5 n.4).

[2] Plaintiff cites to Sadowski v. Render Media Inc., No. 17 Civ. 9045 (PGG) (JLC), Dkt. No. 39 (S.D.N.Y. Oct. 8, 2020) (adopting R&R without objections), as a case in which this Court awarded $25,000 in statutory damages for the infringement of a single photograph. (Pltf. Obj. (Dkt. No. 32) at 4-5 n.1) In that case, the defendant initially agreed to settle the case, but then backed out of the agreed-upon settlement at the last minute. See Sadowski, No. 17 Civ. 9045, Leibowitz Decl. (Dkt. No. 30) ¶ 8. Neither side objected to Magistrate Judge Cott's

As to whether Judge Wang improperly "penalized" Plaintiff for electing not to provide proof of damages, this Court concludes that Judge Wang properly considered the lack of such evidence in formulating her recommendation regarding a damages award. As Judge Wang notes (R&R (Dkt. No. 30) at 5), a court can and should consider the actual damages suffered by the plaintiff in awarding statutory damages. See Dermansky, 2020 WL 1233943, at *5 ("'Statutory damages need not be directly correlated to actual damages, but they ought to bear some relation to actual damages suffered.'" (quoting Mantel, 2019 WL 5257571, at *3)). In sum, while a plaintiff has the right to elect not to provide evidence of actual damages, courts are free to consider the absence of such evidence in arriving at an award of statutory damages.

Having considered all of the Bryant factors and the range of statutory damages awards generally granted by courts in this Circuit under similar circumstances, this Court concludes that an award of $1,000 in statutory damages is appropriate under the circumstances of this case.

### III.   ATTORNEYS' FEES AND COSTS

With respect to an award of attorneys' fees and costs, Judge Wang recommends that this Court award $1,912.50 in attorneys' fees, reflecting 4.5 hours of work at $425 an hour, and $440 in costs. (R&R (Dkt. No. 30) at 7-8) Judge Wang explains that – although her recommended fees and costs award is "over twice the [recommended] statutory damages award for a relatively straightforward case" – the requested fees and costs award is reasonable, because Plaintiff's counsel "did not charge for any time after filing for the proposed default judgment." (Id. at 8 n.2)

---

recommendation that $25,000 in statutory damages be awarded, and this Court adopted that recommendation after reviewing it for clear error. Sadowski, No. 17 Civ. 9045, Dkt. No. 39. The circumstances here are not comparable.

This Court finds no error in Judge Wang's analysis.

## CONCLUSION

As explained above, the R&R is adopted in part.  Plaintiff is awarded (1) $1,000 in statutory damages; (2) $1,912.50 in attorneys' fees; and (3) $440 in costs.  Post-judgment interest on the entire amount will accrue from the date of judgment at the rate provided by 28 U.S.C. § 1961(a).  The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
July 19, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge